# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mildred Linnette Roane, ) | Civil Action No. 2:14-1211-RMG-BM |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Shaun Donovan, in his capacity as Secretary ) of the United States Department of Housing ) and Urban Development 451 7th Street SW ) Washington DC 29410; Bank of America ) NA; and Wells Fargo Bank NA, ) | |
| Defendants. ) | |

This action has been filed by the Plaintiff, pro se. Plaintiff's case involves a contract dispute with the Defendants.¹ The file reflects that the Complaint was filed on April 2, 2014, and the summons were issued on June 20, 2014.

In an Order filed July 1, 2014, Plaintiff was specifically advised that she was responsible for service of process under Rule 4, Fed.R.Civ.P., and that if the Defendants were not served within one hundred and twenty (120) days from the date the summonses were issued, this case could be dismissed. However, no return of service was ever filed with the Court, and the time for service expired on November 3, 2014. In consideration of Plaintiff's pro se status, a second Order

---

¹Plaintiff had also initially attempted, as part of this action, to "remove" a state court foreclosure case to this Court. In an Order issued June 23, 2014, Plaintiff's "motion" to remove was denied, and the state court foreclosure action was remanded to state court. See Court Docket No. 17. See also, Court Docket No. 32 [Denying motion for reconsideration].

1



was then issued on December 5, 2014, in which Plaintiff was ordered to file proof of service on the Defendants by no later than January 20, 2015, and further notifying her that if she failed to do so, this action could be dismissed with prejudice. Rule 4(m), Fed.R.Civ.P. However, Plaintiff has still provided no proof that any Defendant has ever been served with process in this case, and indeed Plaintiff did not even respond to the Court's Order.

Pursuant to Rule 4(m), Fed.R.Civ.P., "[i]f a defendant is not served within one hundred and twenty (120) days after the complaint is filed, the Court-on motion or on its own after notice to the Plaintiff-must dismiss the action without prejudice against that Defendant or order that service be made within a specified time. But if the Plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period." Here, the time for service began to run on June 20, 2014, the one hundred and twenty (120) day period for service provided by Rule expired on November 3, 2014, and Plaintiff has failed to present good cause for her failure to effect service on the Defendants. Plaintiff has also failed to even respond to this Court's Order advising her that her case would be dismissed if she failed to comply with the Court's instructions. See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].[2] Therefore, this case should

---

[2] After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. See Simpson v. Welch, 900 F.2d 33, 35-36 (4th Cir.1990); see also Ballard, 882 F.2d at 95-96 [holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion].

2



be dismissed.

## Conclusion

If in response to this Report and Recommendation, Plaintiff submits to the Court proof of timely service on the Defendants, then in that event **IT IS ORDERED** that this Report and Recommendation be **vacated**, and that the file be returned to the undersigned for further proceedings.

In the event Plaintiff fails to submit to the Court proof of service on the Defendants, however, or to demonstrate good cause for having failed to do so,[3] within the time granted herein, it is recommended that this case be **dismissed**, without prejudice,[4] pursuant to Rule 4(m), Fed.R.Civ.P.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 22, 2015
Charleston, South Carolina

---

[3] In the event Plaintiff has failed to serve the Defendants with service of process, but submits material to the Court asserting good cause for such failure, whether or not to accept Plaintiff's assertions of good cause shall be in the sole discretion of the District Judge in his review of this Report and Recommendation. See e.g., Epstein v. White, 1991 U.S. Dist. LEXIS 14888, 1991 WESTLAW 214152 (N.D.Ill., October 18, 1991); and cf. Mid-Continent Wood Products, Inc., v. Harris, 936 F.2d 297, 1991 U.S. App. LEXIS 13888 (7th Cir. 1991) [ Case law interpreting Rule 4(m) [or its predecessor, Rule 4(j)] has uniformly held that dismissal is mandatory if the defendants are not served within 120 days unless good cause is shown.].

[4] Although the notice and instructions provided to the Plaintiff in the Court's Orders indicated dismissal would be with prejudice, in light of Plaintiff's pro se status, the undersigned is recommending that dismissal be without prejudice.

3



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin Blume, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

